Nelson, J.,
delivered the opinion of the Court.
On the 29th January, 1861, Peter Wolfe and George Wolfe, executed their note, payable one day after date, to James Drennen, for one hundred dollars, in bank notes. This suit was brought in the Circuit Court of Hancock County, on the 16th August, 1866, in the name of Henry Tyler, surviving partner of the firm of *314 Lee Jesse & Co., against Samuel Turnmire, administrator of Peter Wolfe, deceased, and George "Wolfe, to recover the amount of the note; and a declaration was filed in substantial conformity to the Code, in which the note is described; and it is averred that “the plaintiff afterwards became and still is the lawful bearer thereof.” Profert having been made of the note, it was set out upon oyer, in the plea of George Wolfe, who pleaded that “the said note or writing, obligatory, sued on in this case, is not his act and deed,” and concluded with a verification. The plaintiff replied that “the defendant, George Wolfe, did execute, ratify, deliver and acknowledge, the note or writing obligatory, sued on, in presence of Gideon Wolfe and others, the witnesses to the same, to be his act and deed,” and concluded to the country. Issue having been joined, the case was submitted to a jury, at April Term, 1868, who found a verdict in favor of George Wolfe, and at the same time judgment was rendered by default, against Turnmire, as administrator, for the amount of the note and costs. A new trial, after the first verdict, was granted as to Geo. Wolfe, and verdict and judgment was rendered against him for the Sum of one hundred and forty-six dollars and costs, at September Term, 1868; and a new trial having been refused, he filed reasons in arrest of judgment, which being overruled, he presented a bill of exceptions; and the same having been made part of the record, he prayed an appeal in the nature of a writ of error to this Court, which was granted. No exception appears to have been taken to the charge of the Court, nor does it appear that any instructions were given to the jury; but, *315 in tbe absence of any exception, it is to be presumed that the case was submitted upon proper instructions.
The reasons in arrest are: 1. That James Drennen is not made plaintiff, either nominal or otherwise. 2. That the note was not assigned''to plaintiff or payable to bearer’. 3. That, being payable in current bank notes, it is not a negotiable instrument. These reasons are relied upon here, and it is furthermore insisted that there is no evidence to sustain the verdict.
The rule stated in 1 Chitty PL, 2, that, “in general, the action on a contract, whether express or implied, or whether by parol, under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract was vested,” never was, in its full extent, the law of this State. It was changed by the North Carolina statute of 1762, c. 9 C. & N., 550, so as to authorize the assignee of a note for money to sue in his own name; and this remedy was extended to bonds by the Acts of 1786, c. 4; 1783, c. 57, C. & N., 99, 500. By the Act of 1801, e. 6, it was declared that suits may be brought, both in courts of law and equity, in the names of assignees of bonds with collateral conditions, bills or notes for.specific articles, or the performance of any duty. C. & N., 130. And by the Act of 1825, c. 29, sec. 3, as well as the uniform decisions of this Court, the practice in this State, of bringing suits in the name of one person for the use of another, on instruments not negotiable, as well as negotiable instruments, was recognized and wel] established. See 1 Yerg., 430; 4 Yerg., 261; 10 Yerg., 236; 2 Hum., 352. These provisions were substantially carried into the *316 Code, §§ 1956, 2795. Although, it was the practice where the original payee or obligee was dead at the commencement of the suit, to bring the action in the name of his personal representative for the use of the holder or equitable owner, yet if the suit was brought in the name of the original payee or obligee, and he died pending the suit, it was declared by the Act of 1826, c. 29, C. & N., 66, that it should not be necessary to revive the suit in his name; and this is still the law. Code, § 2858. It is expressly declared in the Code, § 2795, that “the person for whose use the suit is brought, shall be held the real plaintiff of record.” It follows, therefore, that if the instrument sued on in this case was not negotiable, the objection that the suit was not brought in the name of the original payee for the use of the plaintiff, or that the note was not negotiable, is more a matter of form than of substance.
The plea of non est factum only in this case put in issue the execution of the note.' The delaration avers that the plaintiff is the lawful bearer thereof, and his right to sue could have been tested by the demurrer or plea. The failure to do so was equivalent, especially after verdict, to an admission of the plaintiff’s right to maintain the action. By the Code, § 1967, as well as under the law and practice long before subsisting, the instrument, although not negotiable, was assignable. The principle in Kirkpatrick v. McCullough, 3 Hum., 171, and numerous other cases, that a note payable in current bank notes is not a note for money, and, therefore, not negotiable, rests upon a highly technical distinction, as is manifested by the subsequent *317 cases of Crutchfield v. Robins, Tingley & Co., 5 Hum., 15; Graham v. The State, 5 Hum., 40; Hopson v. Fountain, 5 Hum., 140; Baker v. Jordan, 5 Hum., 485; Whiteman v. Childress, 6 Hum., 305-6; and Draper v. The State, 1 Head., 263, 264.
The error was cured by the verdict according to Shelby v. Hearne, 6 Yer., 512. It did not affect the merits, and under the Code, §§ 4516, 2874, 2865, this court has no power to reverse the judgment for the errors assigned. See Cornelius v. Merritt, 2 Head., 97; Bently v. Hurxthal, 3 Head., 378.
Although the evidence in the récord does not clearly show that the note was executed, or its execution ratified, by the plaintiff in error, we cannot say there is no evidence to sustain the verdict; and as the charge of the Circuit Court is not set out or excépted to, it is to be presumed that the case was fairly submitted to the jury, whose peculiar province it was to determine the question of fact.
Affirm the judgment.